Case: 1:22−mj−00188
Assigned To : Magistrate Judge Meriweather, Robin M.
Assign. Date : 8/18/2022
Description: Complaint w/ Arrest Warrant

# STATEMENT OF FACTS

On August 17, 2022, at approximately 7:05AM, a Metropolitan Police Department ("MPD"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and U.S. Marshals Service ("USMS") Task Force (collectively, "Task Force") executed a United States District Court for the District of Columbia search warrant (22-sw-261) for APARTMENT xxx of xxxx xxxx XX XX, WASHINGTON, DC xxxxx. The warrant was based on probable cause to believe WILLIAM FOSTER violated 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1) (Distribution of a Controlled Substance), 18 U.S.C. § 922(g) (felon in possession of a firearm), and 18 U.S.C. § 924(c)(1) (carrying of a firearm in furtherance of drug trafficking crime), and that evidence, fruits, and instrumentalities of the offenses would be found at the residential location associated with FOSTER.

US Marshals from the Task Force conducted a knock-and-announce search, announcing the presence of law enforcement with a search warrant. At the time the Marshals announced their presence at the front door of apartment xxx, officers stationed outside the unit observed a black male figure in Bedroom 1, a second floor bedroom with a window air conditioner. The black male looked out the window and peeled back away from the window and then did not reappear in the window.

Monique Wheeler, FOSTER's mother, opened the apartment door to the officers; FOSTER was standing behind her when the door was opened. Wheeler and FOSTER were the only individuals within the three-bedroom apartment when the search was conducted. FOSTER was the only male within the apartment.

Bedroom 1 was at the back of the apartment with a window air conditioner. Next to the air conditioner, a cardboard spacer that appeared to have previously been between the air conditioner and window jamb had been removed from the window. This is the same window that law enforcement witnessed a male subject look out from at the time the Marshals knocked on the apartment door.

From Bedroom 1, law enforcement seized a tan-colored Glock-26 9mm handgun bearing serial number VHU667 from a shoebox on the floor. Law enforcement also observed the following within Bedroom 1:

- Cell phone plugged in and charging on the mattress
- Open closet doors, with an extended magazine and one loose round of ammunition on the floor outside the closet
- Bag with ammunition rounds, seized from the shelf next to the air conditioner
- Additional loose rounds on the floor near the closet
- Male shoes size 10.5 and boxes of male shoes size 10.5
- Male clothing, including a light blue hoodie consistent with the hoodie FOSTER was seen by ATF wearing on August 1, 2022
- Mail matter bearing FOSTER's name
- A diamond chain with pendant "SS" and "1K" on the bedside table, right next to the closet, which FOSTER frequently is seen wearing on his Instagram account. Your affiant is aware that FOSTER goes by the nickname "Suge" or "Supersavage Suge," or "SS" for short
- A picture of FOSTER dated April 22, 2018 in the closet.

During and after the search, FOSTER stated that Bedroom 1 was not his bedroom. However, as FOSTER was looking for shoes to wear to the station, he acknowledged that his shoes were in Bedroom 1. FOSTER claimed to officers that he stayed in Bedroom 2, but an ID card and social security card identifying a different individual was found in Bedroom 2.

In a video posted to Instagram on August 9, 2022, FOSTER, who is known to your affiant, is seen holding a Glock handgun of the same size and color as the handgun seized during the search (i.e., a tan-colored, small, or "baby" Glock).

FOSTER was previously convicted of Robbery in D.C. Superior Court Case 2017 CF3 001571, and in 2017, was sentenced to 36 months' imprisonment and three years' supervised release. Therefore, the defendant would have been aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearms and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

Based on the foregoing, your affiant submits that there is probable cause to believe that FOSTER violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*Marta Spajic*

Marta Spajic, Investigator, Violent Crimes Division,
Violence Reduction Unit
Metropolitan Police Department

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 18th day of August 2022.*

_____
HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE